UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ROMO, JONATHAN MACIAS, et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>GMRI, INC., d/b/a OLIVE GARDEN, a Florida corporation, et al.,<br><br>　　　　　Defendants. | NO. EDCV-12-0715-JLQ<br><br>ORDER DENYING MOTION TO STAY |

BEFORE THE COURT is Defendants' Ex Parte Application for Order Shortening Time to Hear Defendants' Motion for Stay (ECF No. 46) which was filed after 9:00 p.m. on November 20, 2012, and set for hearing on November 26, 2012, at 8:30 a.m., and Defendants' Motion to Stay (ECF No. 47). Setting the Motion at such time was in violation of this court's Standing Order (ECF No. 14) which provides that motions can be set either without oral argument, at 6:30 p.m. on any non-holiday weekday, or may be set for oral argument after contacting the court's judicial assistant to obtain an available date. If a party needs to be heard on an expedited basis, it should file a motion for expedited hearing. Perhaps the instant Ex Parte Application is an inartful attempt at seeking an expedited hearing. If so, it should not have been set on Monday morning at 8:30 a.m without contacting chambers for a hearing time. Plaintiffs have filed an Opposition to the Motion (ECF No. 51). The court struck the November 26th hearing via Minute Order. (ECF No. 53).

**I. The Motion to Stay**

After the Scheduling Conference of July 16, 2012, the court issued an Order

ORDER – 1

(ECF No. 26), which stated that Plaintiff's "proposed pre-certification discovery will involve: 1) determining the names and contact information for the putative class members...." and that Plaintiffs "are entitled to pre-certification discovery" (ECF No. 26, p. 3). The court further directed counsel: "The parties shall work cooperatively and seek to minimize the time and expense of discovery." (Id. at 4).

Defendants did not provide the list of contact information for the putative class members and Plaintiffs filed a Motion to Compel, which the court granted on October 19, 2012. (ECF No. 39). The parties were directed to work together to reach a joint stipulation regarding the disclosure of the information within 10 days, and Defendants were to produce the information within 10 days thereafter. The parties submitted a Joint Stipulation for Protective Order on October 29, 2012, and it was entered by the court on October 30, 2012. On November 7, 2012, the parties filed a Stipulation (ECF No. 44) stating in part that they had agreed to allow Defendants until November 26, 2012 to produce the list of contact information of potential class members. The court entered an Order on the Stipulation stating in part:

> Defendant GMRI, Inc.'s deadline to produce the contact information of potential class members pursuant to the court's October 19, 2012 Order is continued from November 8, 2012 to **November 26, 2012.**

(ECF No. 45, p. 3).

Now, at 10:09 p.m. on November 20, 2012, just two business days prior to the deadline, Defendants have filed a Motion to Stay production of the list of contact information of potential class members and requested it be heard on the November 26, 2012 deadline for production.

This contact list information was first sought through interrogatories served on July 13, 2012. In the over four months since that time, it appears that Defendants have resisted production and have not produced any contact information. Defendants apparently offered, at least as far back as September 2012 to produce 10% of the contact information, but have still not produced any. In a

ORDER – 2

letter from defense counsel to Plaintiffs' counsel dated November 14, 2012, Defendants still maintain that they believe a 10% random sample is adequate. (ECF No. 46-1, p. 32). The court's Order granting the Motion to Compel stated that Defendants shall provide "all prospective class members' names and contact information in electronic format." (ECF No. 39, p. 4). "All" does not mean 10%.

      Defendants contend the requested stay is necessary in order to modify the Stipulated Protective Order prior to producing the contact information. A review of the discovery-related filings in this matter discloses that there has been a great deal of "meeting and conferring" and yet apparently no compliance with the court's Orders concerning the production of contact information. Defendants state: "On November 7, 2012, Defendants secured an extension until November 26, 2012, to comply with the Court's October 19, 2012 Order in order to be able to meet and confer with Plaintiffs' regarding a request for stay." (ECF 47-1). If Defendants were seeking an extension "to comply with" the court's prior orders, compliance would entail producing the information, not seeking a stay to further delay production.

      Defendants have not demonstrated good cause for a stay of discovery. Defendants offer as their "good cause" that the lead Plaintiffs' counsel firm in this case, Initiative Legal Group ("ILG"), was recently sanctioned for the improper use of contact information of putative class members in another action. It is troubling that ILG engaged in conduct in that case that resulted in it being found in contempt of court. Judge Feess described ILG's conduct as "indefensible." Plaintiffs herein argue that none of the attorneys sanctioned in that matter are of record in this case. (See ECF No. 51, p. 6, "That different lawyers in a different, unrelated case were sanctioned has no relevance here.") This court does not presume that ILG will engage in this case in the same misconduct found by Judge Feess in his Order of November 2, 2012 in case CV-07-06476.

ORDER – 3

Defendants' primary concern seems to be that Plaintiffs may use the contact information in other lawsuits. However the Protective Order in this action (ECF Nos. 40 & 41) provides in part that confidential attorneys' eyes only information "shall be used solely for purposes of the prosecution and defense of the above-entitled action." (ECF 40, p. 5). The Protective Order further provides that such information, "cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever." (ECF 40, p. 7). Defendants have filed a Motion to Modify the Protective Order (ECF No. 48) to remove any ambiguity there may be as to the use of information and/or further strengthen the provisions concerning the use of confidential information.

**IT IS HEREBY ORDERED**:

1. The Application for an Order Shortening Time (ECF No. 46) is **GRANTED IN PART**. The court has considered the Motion to Stay (ECF No. 47) on an expedited basis, but has denied the request that it be heard at 8:30 a.m. on November 26, 2012.

2. The Motion to Stay (ECF No. 47) is **DENIED**.

3. The court will consider the Motion to Modify Protective Order (ECF No. 48) on an expedited basis. Plaintiffs shall file any responsive brief by on or before **December 3, 2012 at 4:00 p.m.** Defendants shall file any reply brief on or before **December 6, 2012 at 4:00 p.m.** The matter will be deemed submitted without oral argument on December 6, 2012, and the court will thereafter issue a decision.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order and provide copies to counsel.

Dated this 26th day of November, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 4